UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERI SWEENEY, QUI TAM PLAINTIFF, for and on behalf of the United States of America,<br><br>Plaintiff,<br><br>v.<br><br>MANORCARE HEALTH SERVICES, INC., a Delaware corporation; STACEY MESAROS; "JOHN DOES(S)" 1 through 50; and "JOHN DOE, INC.(S)" 1 through 5,<br><br>Defendants. | Case No. C03-5320RJB<br><br>(1) ORDER DENYING DEFENDANTS' RENEWED MOTION TO DISMISS RELATOR'S FOURTH CAUSE OF ACTION FOR RETALIATION and<br><br>(2) ORDER RE: PROCEDURE |

Defendants' Renewed Motion

This matter comes before the Court on the above-referenced motion (Dkt. 30). The court is familiar with the records and files herein and all documents filed in support of and in opposition to this motion. For the reasons stated below, the motion should be denied.

This is an FRCP 12(b)(6) motion requesting dismissal of plaintiff's fourth cause of action for retaliation under 31 U.S.C. § 3730(h). The following are the basic rules governing such motions: A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957)). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are

ORDER
Page - 1

taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). If the claim is not based on a proper legal theory, the claim should be dismissed. *Id* at 1300.

Defendants argue that since plaintiff's substantive claims under 31 U.S.C. § 3730 have been dismissed, that it follows that her § 3730(h) claim should likewise be dismissed because the dismissals of the substantive claims show that her § 3730(h) is not a viable False Claims Act action. Defendants cite *Dookeran v. Mercy Hospital of Pittsburg*, 281 F.3d 105 (3rd Cir. 2002) in support of their argument. *Dookeran*, however, is not the law in the Ninth Circuit. Section 3730(h), standing alone, indicates that plaintiff has adequately pled a claim under that statute. Plaintiff's position is further supported by the Ninth Circuit cases *Moore v. California Institute of Technology*, 275 F.3d 838 (9th Cir. 2002) and *United States ex rel. Hopper v. Anton*, 91 F.3d 1261 (9th Cir. 1966). Those Ninth Circuit cases make it clear that there are three elements that plaintiff must plead and prove in a § 3730(h) claim: (1) The employee must have been engaging in conduct protected under the Act; (2) The employer must have known that the employee was engaging in such conduct; and (3) the employer must have discriminated against the employee because of her protected conduct. The defendant's attack on plaintiff's pleading in this case focuses on the first requirement, that is, whether plaintiff's conduct was protected under the False Claims Act. *Hopper* points out that § 3730(h) "only protects employees who have acted 'in furtherance of an action' under the FCA. Special awareness of the FCA is not required; however, the plaintiff must be investigating matters which are calculated or reasonably could lead to a viable FCA action." *Hopper* at 1269. In *Moore*, the Ninth Circuit expanded on the *Hopper* rule in the following language after referring to *Hopper*: "We reaffirm this standard today and clarify that an employee engages in protected activity where (1) the employee in good faith believes and (2) a reasonable employee in the same or similar circumstances might believe that the employer is possibly committing fraud against the government." *Moore* at 845. That is the current Ninth Circuit law that the court must apply.

It is clear here from the Second Amended Complaint that plaintiff has alleged that she in good faith believed that her employer was possibly committing fraud against the government. Inherent in her pleading are facts to support the second prong of the test, that is that a reasonable employee in the same or similar circumstances might so believe.

ORDER
Page - 2

1  Plaintiff's investigation and conduct was, according to the complaint, in furtherance of an action
2 under § 3730 - in fact, such an action was filed. There is no requirement in the statute or in Ninth Circuit
3 case law that such an action must be successful for a whistle-blowing employee to be protected under §
4 3730(h).

5  It is interesting to note in this regard that, in the court's order dismissing the substantive § 3730
6 counts, the grounds for such dismissal were somewhat technical and did not address the ultimate question
7 of whether the defendant was or was not committing some fraud against the government. Defendants'
8 Renewed Motion to Dismiss Relator's Fourth Cause of Action for Retaliation should be DENIED.

### Procedural Order

10  This also comes before the court on the Joint Status Report of the parties filed on April 7, 2005
11 (Dkt. 29) and on the court's Minute Order Setting Trial, Pretrial Dates and Ordering Mediation (Dkt. 33).
12 The court's assistant reported that in a telephone call she became aware that the parties have not
13 commenced development of a discovery plan, discovery procedures, etc. It was the court's intention upon
14 issuance of the Minute Order Setting Trial, Pretrial Dates and Ordering Mediation (Dkt. 33) that the
15 parties would commence processing the case under FRCP 26 and other federal civil rules and local civil
16 rules, including preparation of a discovery plan and commencement of necessary discovery.

17  IT IS NOW ORDERED:

18  Defendants' Renewed Motion to Dismiss Relator's Fourth Cause of Action (Dkt. 30) is DENIED.
19 It is further

20  ORDERED that the parties shall commence necessary FRCP 26 and discovery procedures.

21  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
22 party appearing *pro se* at said party's last known address.

23  DATED this 19th day of May, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge

ORDER
Page - 3