UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERI SWEENEY, QUI TAM PLAINTIFF, for and on behalf of the United States of America,<br><br>Plaintiffs,<br><br>v.<br><br>MANORCARE HEALTH SERVICES, INC., a Delaware corporation; STACEY MESAROS, believed to be a single person; "JOHN DOES" 1 through 50; and "JOHN DOE, INC.(S)" 1 through 5,<br><br>Defendants. | Case No. C03-5320 RJB<br><br>ORDER |

This matter comes before the court on Defendants' Motion to Compel a Complete Answer to Interrogatory No. 12 and Response to Request for Production No. 26 (Dkt. 47). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2003, the plaintiff, Ms. Sheri Sweeney, filed suit against ManorCare, a nursing facility located in Gig Harbor. Dkt. 1. Ms. Sweeney amended her complaint to include Ms. Stacey Mesaros as a defendant. Dkt. 19. Ms. Sweeney's second amended complaint contains several causes of action under the False Claims Act (quality of care, worthless services, conspiracy, retaliation, and slander and defamation) and a claim of common law wrongful termination. Dkt. 19. The defendants moved to dismiss the plaintiff's first three causes of action under the Federal Claims Act, and the

motion was granted. Dkt. 21, 28. The defendants moved to dismiss the plaintiff's retaliation claim, and the motion was denied. Dkt. 30, 36. Therefore, three of Ms. Sweeney's claims remain: (1) retaliation in violation of the False Claims Act; (2) slander and defamation in violation of the False Claims Act; and (3) common law wrongful termination. Ms. Sweeney seeks to recover, among other damages, $500,000 for emotional distress.

On June 3, 2005, the defendants served Ms. Sweeney with Defendants' First Set of Interrogatories and Request for Production to Plaintiff. Dkt. 48. On July 11, the plaintiff served her answers, responses, and objections. *Id.* Interrogatory No. 12 states the following:

> If you are making a claim in this case for any personal injury (including stress, emotional distress, depression and the like), with regard to health care, counseling (including, but not limited to, counselors, social workers, members of the clergy, or other such individuals or groups for whom you have sought or received counseling) and/or therapy obtained by you from 1995 to the present, please state:
>
> 1. The name and address of each health care provider or counselor providing care to you;
> 2. The date(s) you consulted with each health care or counselor; and
> 3. The nature of any treatment rendered to you by each health care or counselor.

*Id.* Ms. Sweeney answered as follows:

> In March 2003, I was counseled by Pastor Michael-Jaye Isome of the Peninsula Christian Fellowship (3114 45th Street Court NW, Gig Harbor WA 98335). I sought guidance and prayer with Debra Isome during December 2002 through January 2003. I also sought prayer and comfort with my Women's Bible Study Group that would meet every Wednesday evening through the 2003 year at 3818 43rd Street Court N, Gig Harbor A 98335, 53-851-3208. The Women's Bible Study Group a headed by Karen Walker. I consulted with my parents and other members of my church, as well."

*Id.* at 8. Request for Production No. 26 states, "Please produce copies of your health care and other records kept and maintained by the health care and service providers identified in your answer to Interrogatory No. 12. (If you will sign a stipulation for the production of these records, you can ignore this request." *Id.* at 9. Ms. Sweeney responded with "N/A." *Id.* Ms. Sweeney did not object to either the interrogatory or the request for production.

On July 19, 2005, counsel for the parties met to discuss the sufficiency of the plaintiff's responses. *Id.* at 2. Counsel for the defendant clarified that Interrogatory No. 12 was not limited to counseling services and was not limited to services related to the injuries alleged in the lawsuit. *Id.* Counsel for the plaintiff objected that the interrogatory was too broad. *Id.* Counsel for the defendants

ORDER
Page - 2

requested that the plaintiff supplement her answers, and counsel for the plaintiff agreed to consider the request. *Id.*

On July 28, 2005, the plaintiff provided the following supplemental answers to Interrogatory No. 12: "My parents are Walt and Joan Kaplin. They reside at 4106 101st St Ct NW, Gig Harbor WA 98332. I have not had any mental health counseling other than what I have previously listed." Dkt. 49 at 5.

The defendants contend that the plaintiff's responses are inadequate because they do not address general, as opposed to psychological, health treatment. The defendants also contend that the responses are limited to treatments for injuries pertaining to the plaintiff's claim in this case and are inadequate on that ground.

The plaintiff opposes this motion, reiterating that the plaintiff "has not sought any mental health or general medical treatment for any injuries sustained as a result of the defendants' alleged actions." Dkt. 50. The plaintiff contends that the interrogatory implies that the defendants were seeking information only pertaining to only to psychological treatment. Counsel for the plaintiff contends that if he would have understood the interrogatory to mean what counsel for the defendants contends, he would have objected to the interrogatory on the grounds that it is too broad and seeks privileged information.

## II. DISCUSSION

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26 (b)(1). If a party fails to answer an interrogatory, the party may move to compel disclosure pursuant to Rule 37. Fed. R. Civ. P. 37(a)(2)(B). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Local Rule 37 (a)(2). Counsel for the plaintiff concedes that the parties have conferred about this discovery dispute but have not reached a resolution. Dkt. 50.

The plaintiff contends that Interrogatory No. 12 is overly broad because it concerns the plaintiff's entire healthcare history since 1995, regardless of whether it pertained to the injuries alleged in the plaintiff's suit or to mental healthcare. Information about the plaintiff's healthcare history with respect to injuries other than those alleged in her lawsuit is relevant to establishing the proximate cause

of her alleged emotional distress. In addition, information about the plaintiff's healthcare, counseling, and/or therapy is relevant to determining both whether she suffers from emotional distress and whether such distress was proximately caused by the defendants.

The plaintiff also contends that the records sought are privileged. The determination of whether a privilege exists is made in reference to common law or state law where state law supplies the rule of decision. Fed. R. Evid. 501. By making her psychological health an issue in the litigation, the plaintiff waived her privilege. *See Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999). Her medical records are discoverable by the defendants for purposes of defending against the claim for emotional distress damages.

This conclusion is not intended to preclude the plaintiff from seeking a narrowly-construed protective order that otherwise complies with Local Rule 26(c).

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Compel a Complete Answer to Interrogatory No. 12 and Response to Request for Production No. 26 (Dkt. 47) is **GRANTED**. The plaintiff is hereby compelled to answer Interrogatory No. 12 completely and to comply with Request for Production No. 26 forthwith.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of September, 2005.

_Robert J. Bryan_
Robert J. Bryan
United States District Judge