UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERI SWEENEY, QUI TAM PLAINTIFF, for and on behalf of the United States of America,

Plaintiffs,

v.

MANORCARE HEALTH SERVICES, INC., a Delaware corporation; STACEY MESAROS, believed to be a single person; "JOHN DOES" 1 through 50; and "JOHN DOE, INC.(S)" 1 through 5,

Defendants.

Case No. C03-5320 RJB

ORDER

This matter comes before the court on Defendants' Motion for Protective Order Re: Scope of Discovery on Dismissed Claims (Dkt. 51). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2003, the plaintiff, Ms. Sheri Sweeney, filed suit against ManorCare, a nursing facility. Dkt. 1. Ms. Sweeney amended her complaint to include Ms. Stacey Mesaros as a defendant. Dkt. 19. After several motions to dismiss, three of Ms. Sweeney's claims remain: (1) retaliation in violation of the False Claims Act (FCA); (2) slander and defamation in violation of the False Claims Act; and (3) common law wrongful termination. *See* Dkt. 21, 28, 30, 36.

On June 23, 2005, the defendants responded to Plaintiff's First Requests for Production of Documents Propounded to Defendant, ManorCare Health Services, Inc. The defendants made numerous objections, essentially contending that the requests were overly broad and relevant only to the plaintiff's dismissed claims. Dkt. 52-1 at 17. On September 1, 2005, the defendants responded in a

ORDER
Page - 1

substantially similar to manner to Plaintiff's First Set of Interrogatories and Second Request for Production of Documents Upon Defendant, ManorCare Health Services, Inc. Dkt. 52-2. Before proceeding with the depositions of three ManorCare employees, David Duff, Liz Herald, and Mari Kvinsland, counsel for the parties convened to discuss the upcoming depositions, at which time counsel for the plaintiff indicated that the depositions would include questions about subject matter to which the defendants objected.

The defendants brought this motion to clarify the scope of discovery so that the depositions may proceed effectively, contending that the plaintiff's requests are overly broad and constitute an undue burden. The defendants contend that the requests are irrelevant to the plaintiff's retaliation claim. The defendants contend that discovery should be limited to "only that information relating to ManorCare's knowledge of relator's alleged investigation and whether relator was terminated for that conduct" but that the information the plaintiff seeks "could not have formed a basis for her alleged 'good faith' belief that she was pursuing a valid FCA claim." Dkt. 51 at 9, 10. The plaintiff's response contends that information relevant to the plaintiff's dismissed FCA claims is relevant to establishing the defendant's motive to retaliate against her and asks the court for an order compelling the defendants to respond. Dkt. 57 at 2. In their reply, the defendants note that the plaintiff contends that evidence of FCA violations "could" "conceivably" and "potentially" provide evidence of the defendants' motive. Dkt. 58 at 2. The defendants contend that this amounts to a fishing expedition. *Id.*

## II. DISCUSSION

Local Rule 26 governs protective orders and provides the following:

> Upon motion by a party . . . accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Local Rule CR 26(c). In their motion and reply, the defendants cite cases from other jurisdictions in which the courts disallowed discovery relevant to dismissed claims. Some of these cases are distinguishable because they involve the dismissal of all claims. *See McLaughlin v. Copeland*, 455 F. Supp. 749, 753 (D. Del. 1978) (Plaintiff "left with literally nothing upon which to base his suit" failed to demonstrate the merits of proceeding with discovery.); *Brown v. Inter-Ocean Ins. Co.*, 438 F. Supp.

951, 955 (N.D. Ga. 1977) (Plaintiff's motion to compel was denied in light of the defendant's successful summary judgment motion.); *Clinton Hudson & Sons v. Lehigh Valley Co-op. Farms, Inc.*, 73 F.R.D. 420, 424 (E.D. Pa. 1977) (Plaintiff not allowed to proceed with discovery on amended complaint because the court dismissed the complaint.). The holdings of the remaining cases are premised upon the fact that the discovery sought was irrelevant to any of the claims and defenses. *See Avianca, Inc. v. Corriea*, 705 F. Supp. 666, 677 (D.D.C. 1989) (In light of the dismissal of claims pertaining to emotional distress, the plaintiff's medical condition was no longer relevant.); *Bourget v. Government Emp. Ins. Co.*, 313 F. Supp. 367, 372-73 (D. Conn. 1977) (The court denied the plaintiff's motion for production on the grounds that certain defenses had been stricken, but there was no contention that the evidence would still be relevant without the stricken defenses.); *Hartford Acc. & Indem. Co. v. Village of Milan*, 176 F. Supp. 84, 90 (D. Ill. 1959) (The court sustained objections to interrogatories where the court "fail[ed] to perceive any relevancy whatsoever of the facts thereby sought to any issue"). They stand for the proposition that discovery of evidence relevant *only* to dismissed claims should be disallowed. Therefore, the court's proper inquiry is whether the discovery the plaintiff seeks is relevant to her remaining claims, regardless of whether it is relevant to her dismissed claims.

   The defendants contend that the plaintiff's requests are irrelevant to the question of whether the plaintiff reasonably believed that ManorCare was violating the FCA because they seek information that the plaintiff did not have at the time she reported the alleged violations to Ms. Mesaros. The plaintiff does not contend that the evidence sought is relevant to this portion of the plaintiff's burden of proof on her retaliation claim. Rather, the plaintiff contends that evidence of whether the defendant was actually violating the FCA is relevant to determining whether the defendant had a motive to retaliate against her for reporting the alleged violations to Ms. Mesaros. This contention is premised upon the notion that ManorCare's motivation was more likely to be retaliatory if the plaintiff's report to Ms. Mesaros had merit. Information about whether the defendant was actually violating the FCA is relevant to determining whether it was motivated to retaliate against the plaintiff.

   While the court agrees that the defendant's alleged violations of the FCA are relevant for this very limited purpose, the requests for production are written too broadly. *See, e.g.,* Dkt. 52 at 22 (any

and all documents of billings to Medicare and Medicaid from February 2001 to January 13, 2003). The plaintiff's written discovery requests should therefore be quashed without prejudice, allowing the parties to confer with one another so that the written requests may be redrafted with the narrow question of the defendants' allegedly retaliatory motive in mind. The court should allow the plaintiff to proceed with the depositions of David Duff, Liz Herald, and Mari Kvinsland with the understanding that counsel for the plaintiff may pursue questions pertaining to the defendants' alleged violations of the FCA only insofar as they are relevant and appropriate to determining the defendants' motive.

In her response, Ms. Sweeney moves the court to compel defendants to fully respond to discovery requests, although she fails to note the motion in compliance with Local Rule CR 7. Because the written discovery requests are too broad and should be quashed without prejudice, the plaintiff's motion to compel should be denied as moot.

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Protective Order Re: Scope of Discovery on Dismissed Claims (Dkt. 51) is **GRANTED** in part and **DENIED** in part. The plaintiff is hereby permitted to proceed with discovery of evidence relevant to the defendant's allegedly retaliatory motive and to depose David Duff, Liz Herald, and Mari Kvinsland. The plaintiff's written discovery requests are quashed without prejudice as overly broad. The Plaintiff's Motion to Compel Defendants to Fully Respond (Dkt. 57) is **DENIED** as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of September, 2005.

Robert J. Bryan
United States District Judge