UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERI SWEENEY, QUI TAM PLAINTIFF, for and on behalf of the United States of America,<br><br>Plaintiff,<br><br>v.<br><br>MANORCARE HEALTH SERVICES, INC., a Delaware corporation; STACEY MESAROS; "JOHN DOES(S)" 1 through 50; and "JOHN DOE, INC.(S)" 1 through 5,<br><br>Defendants. | Case No. C03-5320RJB<br><br>ORDER SETTING BRIEFING SCHEDULE AND RENOTING PLAINTIFF'S FOURTH MOTION TO AMEND COMPLAINT AND RELATED MOTIONS |

This matter comes before the Court on Plaintiff's Motion to Amend Complaint, to Compel Further Discovery on Issue of Medicare /Medicaid Reimbursement and to Continue Discovery Deadlines (Dkt. 69), and Qui Tam Plaintiff's Motion to Amend Second Amended Complaint (Dkt. 94) and Qui Tam Plaintiff's Amended and Renoted Motion to Amend Second Amended Complaint (Dkt. 102). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Sweeney filed a complaint in this matter on June 9, 2003 asserting claims under the False Claims Act ("FCA"). Dkt. 1. As is required under the FCA, Sweeney served the United States, which declined to intervene. The Court ordered ManorCare be served and the Complaint unsealed on March 8, 2004. Dkt. 8. ManorCare was served on July 8, 2004. Dkt. 15, at 2.

ManorCare filed a Motion to Dismiss the Complaint on July 26, 2004. Dkt. 12. On August 19, 2004, Sweeney filed her First Amended Complaint against ManorCare. Dkt. 14. ManorCare moved for

ORDER
Page - 1

dismissal of the First Amended Complaint on September 9, 2004 pursuant to Rules 12(b)(6) and 9(b). Dkt. 15. On October 21, 2004, this Court granted ManorCare's motion in part, denied it in part, and gave Sweeney leave to amend her complaint. Dkt. 18. Sweeney amended her Complaint on November 22, 2004. Dkt. 19. In her Second Amended Complaint, Sweeney's first FCA claim was based on a "Quality of Care Theory," her second FCA claim was based on a theory of "Worthless Services" and her third FCA claim was a conspiracy claim. *Id.* ManorCare and the newly joined Stacey Mesaros then moved to dismiss these causes of action pursuant to Rule 12(b)(6) arguing that her FCA "Quality of Care" and "Worthless Services" theories have been rejected in a nursing home setting, and her FCA conspiracy claim should be dismissed as she failed to allege any agreement. Dkt. 21. On March 4, 2005, Sweeney's FCA "Quality of Care," "Worthless Services," and conspiracy claims were dismissed with prejudice. Dkt. 28. Sweeney's motion to amend was denied without prejudice. *Id.*

On January 6, 2006, Sweeney filed Plaintiff's Motion to Amend Complaint, to Compel Further Discovery on Issue of Medicare/Medicaid Reimbursement, and to Continue Discovery Deadlines. Dkt. 69-1. In this Motion, Sweeney moves to amend her Second Amended Complaint for the fourth time arguing she should be allowed to proceed on her FCA "Quality of Care" and "Worthless Services" theories. *Id.* Sweeney did not file a proposed Third Amended Complaint. The matter was noted for the Court's consideration on February 3, 2006. Dkt. 73. After ManorCare responded to Sweeney's Motion and the United States government filed a brief, Sweeney filed an additional brief in support of her Motion and attached a proposed Third Amended Complaint. Dkts. 93-1 and 94-2. On February 8, 2006, Sweeney filed Qui Tam Plaintiff's Amended and Renoted Motion to Amend Second Amended Complaint, and noted this Motion for consideration on February 17, 2006. Dkt. 102-1. Sweeney also filed a proposed Third Amended Complaint on February 8, 2006, which differed from the Third Amended Complaint filed on February 2, 2006. Dkt. 102-2. This matter is set to begin trial on May 22, 2006. Dkt. 79.

Sweeney has failed to clearly identify which of the proposed Third Amended Complaints that she intends to use. In the interests of justice, she should clearly identify her proposed Third Amended Complaint. Once Sweeney has clearly identified her proposed Third Amended Complaint, ManorCare or other interested parties should be permitted to file supplemental briefs detailing any new argument, if they wish. The date for trial is fast approaching. Moreover, the issues raised by the proposed amendments are

similar to those previously considered by the Court, so no additional time should be given for consideration of these motions.  All of the pending motions for amendment of the Second Amended Complaint and related motions should be considered on February 17, 2006.  Sweeney should identify which proposed Third Amended Complaint she intends the Court to consider by February 14, 2006, ManorCare or other interested parties should file their supplemental Responses, with any new additional argument if any, by February 16, 2006 and Sweeney should file a Reply, if any, February 17, 2006.

### III.  ORDER

Therefore, it is hereby **ORDERED** that: Plaintiff's Motion to Amend Complaint, to Compel Further Discovery on Issue of Medicare /Medicaid Reimbursement and to Continue Discovery Deadlines (Dkt.  69), and Qui Tam Plaintiff's Motion to Amend Second Amended Complaint (Dkt. 94) and Qui Tam Plaintiff's Amended and Renoted Motion to Amend Second Amended Complaint (Dkt. 102) are all **RENOTED** for February 17, 2006.  Sweeney should identify which proposed Third Amended Complaint she intends the Court to consider by February 14, 2006, ManorCare or other interested parties should file their supplemental Responses, with any new additional argument, if any, by February 16, 2006 and Sweeney should file a Reply, if any, February 17, 2006.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of February, 2006.

Robert J. Bryan
United States District Judge