UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERI SWEENEY, QUI TAM PLAINTIFF, for and on behalf of the United States of America,<br><br>Plaintiff,<br><br>v.<br><br>MANORCARE HEALTH SERVICES, INC., a Delaware corporation; STACEY MESAROS; "JOHN DOES(S)" 1 through 50; and "JOHN DOE, INC.(S)" 1 through 5,<br><br>Defendants. | Case No. C03-5320RJB<br><br>ORDER |

This matter comes before the Court on Defendants' Motion to Strike Witnesses and to Limit Witness Testimony. Dkt. 95-1. The Court has considered the pleadings filed in support of and in opposition to the Motion and the file herein.

I. **FACTS**

This case concerns certain employment claims and a False Claims Act claim. On July 11, 2005, Plaintiff filed her Fed. R. Civ. Pro. 26(a)(1) initial disclosure, naming 33 potential fact witnesses. Dkt. 41. She indicated that each of the witnesses "can testify as to all matters relevant to this action." *Id.* On January 26, 2006, Plaintiff's counsel faxed defense counsel a letter identifying twelve additional witnesses. Dkt. 96 at 3. The letter failed to include a description of each witnesses' anticipated testimony. *Id.* On February 2, 2006, Defendants filed this Motion to Strike Witnesses and to Limit

ORDER - 1

1 Witness Testimony. Dkt. 95-1. Defendants argue Plaintiff had failed to provide contact information for
2 some of the witnesses, failed to include an adequate description of the witnesses' anticipated testimony,
3 and has named witnesses who do not have relevant information. *Id*. The next day, Plaintiff filed an
4 amended disclosure list. Dkt. 98. Forty-four witnesses are listed. *Id*. In this revised disclosure, the
5 following witnesses (who according to the parties have not been deposed): V. Sprague, S. Fitzpatrick,
6 G. Vogal, S. Weber, M. Forrester, P. Hurburt, M. Kvinsland, and M. Halfen "can testify as to all matters
7 relevant to this action." *Id*. Defendants additionally object to the addition of S. Olsen, L. Kabrich, and
8 J. Marshall because these witnesses were disclosed after the discovery cutoff date. Dkt. 100, at 2.

Defendants have two summary judgment motions pending. Dkts. 116 and 117. Each are noted
for consideration on March 10, 2006. This matter is set to begin trial on May 22, 2006. Dkt. 79.

## II.    DISCUSSION

Fed. R. Civ. P. 26(a)(1) provides:

> Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or
> to the extent otherwise stipulated or directed by order, a party must, without awaiting a
> discovery request, provide to other parties: the name and, if known, the address and
> telephone number of each individual likely to have discoverable information that the
> disclosing party may use to support its claims or defenses, unless solely for
> impeachment, identifying the subjects of the information.

Defendants' Motion to Strike Witnesses and to Limit Witness Testimony should be denied without prejudice. Plaintiff has indicated that she has provided all the witness contact information that she knows in accordance with Rule 26. Dkts. 103, at 3; Dkt 104, at 1. Plaintiff's second disclosure addresses some of Defendants concerns regarding potential testimony. Dkt. 98. Plaintiff indicates she would be willing to stipulate to additional depositions. Dkt. 103, at 7. If Defendants feel Plaintiff is still violating the Federal Rules regarding discovery, they have ample options under the Rules.

In essence, this Motion is premature. The Court takes no position as to which of Plaintiff's claims will proceed until the summary judgment motions have been considered. Issues regarding which witnesses will testify are more properly addressed in motions *in limine* and in the pretrial order once it is clear which claims, if any, will be the subject of the trial.

ORDER - 2

### III.  ORDER

Therefore, it is hereby **ORDERED** that: Defendants' Motion to Strike Witnesses and to Limit Witness Testimony (Dkt. 95-1) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of February, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
U.S. District Judge

ORDER - 3