UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHERI SWEENEY, QUI TAM PLAINTIFF,
for and on behalf of the United States of
America,

          Plaintiff,

          v.

MANORCARE HEALTH SERVICES, INC., a
Delaware Corporation; STACEY MESAROS;
"JOHN DOE(S)" 1 through 50; and "JOHN
DOE, INC.(S)" 1 through 5,

          Defendants.

Case No.  C03-5320RJB

ORDER DISMISSING ALL
CLAIMS AGAINST
DEFENDANT STACEY
MESAROS AND DISMISSING
STACEY MESAROS WITH
PREJUDICE

      This matter comes before the Court on Defendant Mesaros's Motion to Clarify or Reconsider Order Denying Partial Summary Judgment on FCA Retaliation Claim - Individual Liability, Dkt. 162-1, Defendant Mesaros's Motion for Judgment on the Pleadings for Lack of Supervisory Liability for Wrongful Termination Claim, Dkt. 167-1, and Plaintiff's Motion and Declaration for Voluntary Dismissal of Defendant, Stacey Mesaros, Dkt. 169-1. The Court has reviewed all documents filed in regard to these motions and the record herein.

FACTUAL BACKGROUND

      Plaintiff first filed a complaint against ManorCare Health Services, Inc. ("ManorCare") on June 9, 2003, asserting claims under the False Claims Act ("FCA"). Dkt. 1. The United States declined to intervene. This complaint did not include Stacey Mesaros as an individually named defendant. On August 19, 2004, Plaintiff filed her First Amended Complaint against ManorCare. Dkt. 14. ManorCare moved for dismissal of

the First Amended Complaint on September 9, 2004, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). On October 21, 2004, this Court granted ManorCare's motion in part, denied it in part, and permitted Plaintiff to again amend her complaint. Dkt. 18.

Plaintiff filed her Second Amended Complaint on November 22, 2004, and this complaint for the first time included claims against Stacey Mesaros personally and individually. Dkt. 19. This complaint included claims for various FCA injuries, wrongful termination in violation of public policy under Washington law, and slander/defamation. *See Id.* On March 4, 2005, ManorCare and Stacey Mesaros moved to dismiss the FCA "Quality of Care", "Worthless Services", and conspiracy claims under Rule 12(b)(6), and the Court dismissed these claims with prejudice and denied Plaintiff's motion to again amend her complaint. *See* Dkt. 28.

Plaintiff again moved to amend her complaint on January 6, 2006, arguing she should be allowed to proceed on her FCA "Quality of Care" and "Worthless Services" theories. Dkt. 69. The Court denied this motion. Dkt. 119. In response to Defendants' motions for summary judgment, Dkts. 111, 116, 117, and 138, the Court dismissed Plaintiff's Defamation/Slander claim, and allowed her to proceed on her FCA retaliation claim and wrongful termination in violation of public policy claim.

On April 13, 2006, Defendant Stacey Mesaros moved for an order clarifying or reconsidering her individual liability on Plaintiff's FCA retaliation claim, Dkt. 162-1, and for judgment on the pleadings for lack of supervisory liability for wrongful termination as against her personally and not as against ManorCare, Dkt. 167-1. On April 26, 2006, Plaintiff moved to dismiss Defendant Stacey Mesaros without prejudice, Dkt. 169-1. Defendants responded to this motion on May 2, 2006, arguing that the dismissal should be with prejudice. Dkt. 183. Plaintiff has not opposed on the merits Defendant Stacey Mesaros's motions to dismiss the claims as against her, and has not replied to Defendants' response on the subject of prejudice.

## LEGAL STANDARD

"If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." CR 7(b)(2).

## DISCUSSION

As noted, Plaintiff has not responded to Defendant Stacey Mesaros's motions to dismiss the claims as against her. Additionally, Plaintiff has not replied to Defendants' argument that the Court should dismiss all claims against Stacey Mesaros with prejudice. Review of these motions shows that the only matter at issue

between the parties is whether to dismiss Stacey Mesaros with or without prejudice. Given Plaintiff's lack of a response on the merits to Defendants' motions to dismiss Stacey Mesaros, the Court finds that dismissal with prejudice is appropriate.

In addition to the procedural justification for a dismissal with prejudice, it is clear that no claim should proceed against Stacey Mesaros at this stage. Two years after filing this action, and three years after the events in question, Plaintiff has neither corrected her error in lodging barred claims, nor has she identified additional bases for liability as against Stacey Mesaros. The Court finds therefore that it is appropriate to dismiss Defendant Stacey Mesaros from this action, and all claims against her, with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Mesaros's Motion to Clarify or Reconsider Order Denying Partial Summary Judgment on FCA Retaliation Claim - Individual Liability, Dkt. 162-1, is GRANTED. Defendant Mesaros's Motion for Judgment on the Pleadings for Lack of Supervisory Liability for Wrongful Termination, Dkt. 167-1, is GRANTED. Plaintiff's Motion and Declaration for Voluntary Dismissal of Defendant, Stacey Mesaros, Dkt. 169-1, is GRANTED IN PART. The Court hereby ORDERS that Defendant Stacey Mesaros be DISMISSED from this action with prejudice. It is further ORDERED that the caption shall be changed to reflect only the names of the current parties, Sheri Sweeney and ManorCare Health Services, Inc. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of May, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge